## Petition of Baptist Church and Society in Londonderry.

Trustees may apply to a court of equity for aid and direction in respect to investments and change of securities; and the conferring upon courts of probate jurisdiction to make decrees in respect to the sale, management, investment, and disposition of trust property, will not take away jurisdiction of courts of equity, unless it is so provided.

An application for such aid and direction, containing the necessary allegations in substance of a bill in equity, although called a petition, may rightfully be entered at a trial term of this court.

The Baptist Church of Christ in Londonderry and the Baptist Religious Society in Londonderry, petitioners, filed at this term of the court their joint petition, setting forth that William Plummer, late of said Londonderry, deceased, devised to them certain real estate in said Londonderry, " to have and to hold the same to said church and society and their successors forever, to be used as a parsonage, or the income thereof to be strictly devoted to sustain the faithful preaching of the word, according to the articles of faith adopted by said church ;" that they have been in the possession of said real estate since the decease of said Plummer, and have used the same as a parsonage, or have devoted the income thereof to sustain preaching, agreeably to the requirements of said will ; that they are compelled to expend large sums

of money in the repair and care of said real estate, and of the buildings thereon, so that they do not realize as large an income from the same as they might otherwise do; that the buildings, fences, and lands have depreciated in value, and, as they fear, will continue to depreciate; that the value of the same is about three thousand dollars; and that it would be better that the premises be sold, and the proceeds be held as a fund, and the income thereof be applied as aforesaid. And the petitioners pray that they may be authorized by a decree of this court to sell said premises and to hold the proceeds as a fund, the income to be applied as aforesaid, the church and society having respectively voted to apply for such decree.

Maria Sargent, one of the heirs-at-law of said Plummer, and interested to have the provisions of the will carried out according to the intentions of said Plummer, appears specially and objects—1. That this petition, if the prayer thereof can be granted at all, should have been filed in the probate court for Hillsborough county, in which the will of said Plummer was proved and administration thereon taken out; or, 2. If this court has jurisdiction, this petition should be filed at the law term thereof.

*I. W. Smith*, for the plaintiff.

*Stanley*, for the respondent.

BELLOWS, C. J. A court of equity has general jurisdiction of the subject of trusts; and in case of doubt, a trustee may seek its aid and direction, and this direction it may give in respect to investments or the change of securities. *Wheeler* v. *Perry*, 18 N. H. 307; Hill on Trustees *483; 2 Story Eq. Pl. 1277, note 1, and sec. 1267; *Goodhue* v. *Clark*, 37 N. H. 531.

If, then, jurisdiction has been conferred upon courts of probate to make orders and decrees in relation to the sale, management, investment, and disposition of trust property, and that shall be construed to embrace cases like the present, it cannot, in the absence of any provision to that effect, take away the jurisdiction of this court.

The question then is, whether the proceeding was entered rightly at the trial term. If it is a suit in equity, it clearly is rightly entered.

It is called a petition, and it has not the ordinary form of a bill in equity, but it seeks aid and direction from the equity powers of the court, and contains the substance of all that is necessary to state in a bill in equity.

If there is any deficiency in form, that can be amended.

*The objections therefore are overruled.*